UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP E. JONES,

        Petitioner,

v.                              CASE NO. 5:06-cv-11230
                                 HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Phillip E. Jones has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder and felony firearm in 1980. He is serving a life sentence without the possibility of parole.

Petitioner has filed at least three other habeas petitions challenging his murder conviction. According to him, his first habeas petition raised nine claims and was dismissed on July 15, 1987. *See Jones v. Borgert*, No. 87-71878 (E.D. Mich. July 15, 1987). A subsequent petition filed in 1989 raised three issues and apparently was denied on the merits by United States District Judge George E. Woods. *See Jones v. Miller*, No. 89-CV-72712-DT (E.D. Mich. Feb. 22, 1991).[1] In 1999, Petitioner filed a habeas corpus petition, which United States District Judge Victoria A. Roberts transferred to the Court of Appeals as a second or successive petition. *See Jones v. Hofbauer*, No. 99-CV-74593-DT (E.D. Mich. Oct. 6, 2000). The Court of Appeals

---

[1] The Court's records indicate that Petitioner filed an additional habeas petition in 1989, which United States District Judge Robert E. DeMascio dismissed. *See Jones v. Houseworth*, No. 89-CV-71972-DT (E.D. Mich. Jan. 17, 1990).

reviewed the petition and concluded that Petitioner had not made a *prima facie* showing of entitlement to relief.  Consequently, the Court of Appeals denied permission to pursue the claims in the District Court.  *See In re Jones*, No. 01-2074 (6th Cir. Feb. 4, 2002).  On March 23, 2006, Petitioner filed the pending habeas corpus petition, which alleges ineffective assistance of counsel.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[2]

Petitioner has not alleged or otherwise demonstrated that he received permission from the Court of Appeals to file still another habeas corpus petition challenging the same conviction. Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals

---

[2] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

pursuant to *Sims* and 28 U.S.C. § 1631.

                                              s/John Corbett O'Meara
                                              John Corbett O'Meara
                                              United States District Judge

Dated: April 24, 2006